886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin BENNETT, Plaintiff-Appellant,
v.
Dan CLISHE; Defendant-Appellee,
Jerry Sherman; Richard P. Rosenberger; Ollson, Correction
Officer; L. Green; J. Hawley; T. Osier, Defendants.
 No. 89-1323.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kevin Bennett, a pro se Michigan state prisoner, appeals the dismissal of his civil rights suit filed under 42 U.S.C. Sec. 1983. Bennett sued several employees of the Marquette Branch Prison, alleging that he had been wrongfully found guilty of possession of razor blades and placed in administrative segregation, denied access to a radio, transported on a leash outside his cell, and denied his legal materials for seven days. Over Bennett's objections, the district court adopted the magistrate's recommendation to dismiss the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon consideration, we conclude that this case was properly dismissed as frivolous, as Bennett's claims lack any arguable basis in fact or law. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). The evidence submitted with Bennett's complaint showed that he received all the process due at his disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). The record contained some evidence to support the hearing officer's conclusions. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 457 (1985). The disciplinary hearing was also sufficient to support Bennett's placement in administrative segregation. See Walker v. Mintzes, 771 F.2d 920, 933-34 (6th Cir.1985). The remainder of Bennett's claims were similarly baseless.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.